IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SGT. FRED A. KING JR., | ) | Case No. 2:09-cv- |
| | ) | |
| Plaintiff, | ) | Judge |
| | ) | |
| vs. | ) | **CIVIL COMPLAINT** |
| | ) | |
| THE BOROUGH OF BRADDOCK, | ) | **JURY TRIAL DEMANDED** |
| CHIEF FRANK DeBARTOLO, and | ) | |
| MAYOR JOHN K. FETTERMAN, | ) | |
| | ) | |
| Defendants | ) | |

**COMPLAINT**

AND NOW comes the Plaintiff, Sgt. Fred A. King, who files this complaint based upon the following facts and law.

**I.      JURISDICTION**

1.      This lawsuit is brought pursuant the procedural due process clause of the Fourteenth Amendment and the First Amendment of the United States Constitution.  This action is properly filed pursuant to Title 42 U.S.C. 1983, et seq.  A claim for breach of The Agreement by and between Borough of Braddock Police Department and Teamsters Union Local No. 205 from January 1, 2007 through December 31, 2009 ("The Agreement") is brought by pendent jurisdiction.

**II.      THE PARTIES**

2.      The Plaintiff is Sergeant Fred A. King Jr., a Borough of Braddock police officer, who resides at 1707 Payne Street North Versailles, Pennsylvania 15137. ("King and/or Plaintiff").

1

3. The Defendant is The Borough of Braddock ("Braddock") who is Plaintiff's employer and has a principal place of business of 415 Sixth Street, Braddock, Pennsylvania 15104.

4. The Defendant is Chief Frank DeBartolo ("DeBartolo") who is Plaintiff's direct supervisor and who made scheduling and discipline decisions resulting in Plaintiff losing his employment. DeBartolo may be served at 415 Sixth Street Braddock Pennsylvania 15104.

5. The Defendant is Mayor, John K. Fetterman, ("Fetterman") who is the direct supervisor of the police chief and the police department. Fetterman made scheduling and discipline decisions directly resulting in Plaintiff losing his employment. He may be served at 415 Sixth Street Braddock, Pennsylvania 15104.

### III.    THE FACTS

6. Plaintiff was first hired as a part-time patrolman in the Borough of Braddock's Police Department on July 7, 1997.

7. Plaintiff was promoted to part-time sergeant in 2003.

8. As sergeant, Plaintiff maintained a regular shift of 4:00 p.m. to midnight, Sundays through Wednesdays.

9. In addition to working for the Borough of Braddock, Plaintiff also worked part-time as a police officer for the Borough of Swissvale, working Thursdays and Fridays.

10. As a sergeant for Braddock, Plaintiff was shift supervisor and often worked over forty (40) hours per week.

11.     Beginning in September of 2007, Plaintiff routinely complained to Chief Frank DeBartolo about witnessing Braddock police officers violating the civil rights of Braddock citizens.

12.     On or about December 19, 2007, Plaintiff made a similar complaint to Chief DeBartolo and Sergeant Frank Barreiro and Sergeant Greg Starks.

13.     Plaintiff complained that he witnessed and/or had first hand knowledge of Braddock officers using excessive force, making false arrests, seizing money from known drug dealers without reporting and/or storing the evidence, and making unlawful vehicle stops to generate court time.

14.     Within a short proximity in time after making these complaints, Defendants took no visible corrective action, but retaliated against Plaintiff by agreeing to change his schedule to intentionally conflict with Plaintiff's other employment with Swissvale.

15.     Defendants retaliated against Plaintiff's protected first amendment activity and expressions about police misconduct.

16.     DeBartolo and/or Fetterman conspired by agreeing to change Plaintiff's schedule with the sole agreed upon goal of causing Plaintiff great inconvenience that would result in ending his employment with Braddock and to silence his continued exercises of protected speech..

17.     At all times, the defendants knew that their schedule change prohibited Plaintiff's continued employment with both Braddock and Swissvale.

18.     After Plaintiff's verbal complaints failed to correct his schedule, Plaintiff filed a grievance on or about December 30, 2007 pursuant to the Agreement.

19. Plaintiff began to call-off work from Braddock pursuant to policy because of his scheduling conflicts.

20. In retaliation for his protected speech, Fetterman and/or Braddock suspended Plaintiff, without pay, on February 6, 2008 via letter, without providing procedural due process, a hearing pursuant to *Cleveland Board of Education* v. *Loudermill*, 470 U.S. 532, 105 S.Ct. 1487 (1985).

21. In retaliation for his protected speech, Defendant Borough, by and through the acts and omissions of Fetterman and/or Braddock, terminated Plaintiff's employment on February 18, 2008 via letter without providing a *Loudermill* hearing.

22. The Braddock police department call-off logs prove that similarly situated police officers routinely called off more than Plaintiff in early 2008 without suffering suspension and/or termination.

23. Plaintiff was suspended and terminated as a direct result of his exercise of free speech and activity and in pursuit of his contractual rights.

24. Plaintiff successfully acquired an order of reinstatement after completing Step1, Step 2, and Step 3 of his grievance procedure.

25. Arbitrator, Elliot Newman, ruled in Plaintiff's favor on October 13, 2008 and ordered that Plaintiff be reinstated, effective February 6, 2008, and that Plaintiff be made whole with back pay.

26. The Court of Common Pleas ratified the Order on January 28, 2009 by denying Defendant's appeal.

27. Braddock refused to reinstate Plaintiff until June 20, 2009, but still refuses to make him whole, as ordered.

## IV. VIOLATIONS OF LAW

### A. First Amendment Retaliation

28. Defendants retaliated against Plaintiff's protected speech and activity by knowingly agreeing to change his schedule, suspending his employment, terminating his employment, and by in bad faith, delaying reinstatement.

29. Defendants disciplined Plaintiff with the agreed upon goal of silencing his protected speech and activity as a police officer.

### B. Procedural Due Process and Breach of Contract

30. Defendant deprived plaintiff of procedural due process and has breached the Agreement.

31. Defendants deprived Plaintiff hearings pursuant to *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 105 S.Ct. 1487 (1985) prior to his suspension and termination.

32. The Agreement by and between Borough of Braddock Police Department and teamsters Union Local No. 205 from January 1, 2007 through December 31, 2009 provides that:

> The term employee when used in the Agreement refers to all regular, full-time and regular part-time officers including but not limited to lieutenant, sergeant, corporal and patrolmen; and excluding the chief of police and any other managerial employees. (Article I sec. 2);
>
> The employer shall not discipline nor discharge nor suspend any employee without just cause. (Article XVII sec. 1);

Should it be proven that an injustice has been done to a discharged or suspended employee, he shall be fully reinstated in his position and compensated at this usual rate of pay for any lost work opportunities.  (Article XVII sec. 5).

33. But for depriving Plaintiff of procedural due process and the "just cause" provision of the Agreement, Plaintiff would have continued to be employed as a Braddock Police Officer uninterrupted.

34. As a direct result of Defendants violating Plaintiff's civil rights and by breaching the Agreement,  Plaintiff has lost wages of approximately $32,000.00 per year and suffered the loss of his reputation, and additional money. costs and fees in the pursuit of justice.

WHEREFORE Plaintiff prays for a judgment in his favor, all available monetary relief and reinstatement plus costs and fees.

**JURY TRIAL DEMANDED**

Respectfully submitted

*[signature]*

Erik M. Yurkovich, Esq.
PA No. 83432

The Offices of Erik M. Yurkovich, Esq.
Attorney At Law
207 Pine Creek Road
Bldg. 1, Suite 201
Wexford PA 15090
T: 742.933.9199

Attorney for Fred A. King Jr.

Attorney for Fred A. King Jr.